OPINION
On December 17, 1997, Sami Faour and Three Diamonds, Inc. filed a lawsuit alleging that their reputation had been harmed by the publication of false and defamatory statements by several named defendants. Eventually, the City of Columbus was substituted into the litigation as a party defendant and the other defendants were dismissed or obtained an award of summary judgment. Summary judgment also was granted to the City of Columbus.
Counsel for Sami Faour and Three Diamonds, Inc. has previously pursued a direct appeal only of the summary judgment granted to the City of Columbus and assigned a single error for consideration. The assignment of error was:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT CITY OF COLUMBUS' MOTION FOR SUMMARY JUDGMENT IN THAT A GENUINE ISSUE OF MATERIAL FACT EXISTS REGARDING THE ISSUE OF QUALIFIED PRIVILEGE.
The sole assignment of error was sustained and the case was remanded for further proceedings.
After remand, the case was set for trial but a trial never occurred because the trial judge decided that his previous grant of summary judgment on behalf of the City of Columbus had not been fully reversed on appeal. The trial judge entered a second judgment on behalf of the City of Columbus. The trial judge also refused to allow Mr. Faour and Three Diamonds, Inc. to amend their complaint to re-join a party which had previously been dismissed from the litigation.
A second appeal has now been pursued. Mr. Faour and Three Diamonds have assigned two errors for consideration:
ASSIGNMENT OF ERROR ONE
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT CITY OF COLUMBUS' MOTION TO DISMISS.
ASSIGNMENT OF ERROR TWO
 THE TRIAL COURT ERRED IN DENYING PLAINTIFFS-APPELLANTS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT.
When the trial court granted summary judgment to the City of Columbus initially, the trial court wrote:
 In this regard, summary judgment for defendants is warranted. First, the City Council possesses absolute immunity from the defamation claim.
 Second, the UAC [University Area Commission] is a governmental entity which possesses qualified immunity. Because none of the exceptions enumerated in O.R.C. 2744.02(B)(1), (3), (4), and (5) applies, the UAC has immunity from the defamation claim.
 Third, Brace and other members of the UACA possess qualified immunity from the defamation claim. * * *
The trial court apparently mixed two or more disparate types of immunity together in its decision.
Defamation cases as a matter of legal theory evoke defenses of absolute immunity and qualified immunity. Absolute immunity occurs when a party is permitted to utter a false, derogatory statement regardless of the party's mental state. Qualified immunity is an immunity which can be waived if the person who utters the statement acts with malice.
Malice at common law was nothing more than ill-will. In theory, malice still is nothing more than ill-will.
In 1964, the Supreme Court of the United States added a new consideration to the legal theory. In New York Times v. Sullivan
(1964), 376 U.S. 254, the Supreme Court of the United States held that a public figure, such as Sheriff Sullivan, could not recover in defamation unless the public figure provided the existence of actual malice. Actual malice is not common law malice or ill-will, but a mental state where the publisher publishes a statement which the publisher knows to be false or when the publisher acts with reckless disregard for the truth.
The defenses and immunities specific to the defamation actions set forth above are different from governmental immunity, granted by the Ohio Legislature to governmental entities through enactment of R.C. 2744.01 etseq. Governmental immunities in Ohio turn upon whether the political entity involved is performing a proprietary or a governmental function. The immunities are less involved with the mental state of the entity which utters or publishes a false, defamatory statement.
As best we can determine, the trial court never addressed the issue of immunity of an entity named the "City of Columbus." The trial court instead discussed "Columbus City Council" and "University Area Commission." Since the City of Columbus was not found to be immune initially, it cannot have a judgment reinstated on its behalf based upon a finding which was not made. Further, the findings necessary for a grant of immunity under R.C. 2744.01 et seq. were not made during the previous proceedings. Thus, the trial court could not dismiss the lawsuit based upon an application of legal principles which were not clearly set forth in the decision upon the first summary judgment motion or which were inappropriately applied.
So we are clear ourselves, we are not foreclosing the City of Columbus from raising the defense of governmental immunity in subsequent proceedings, even including a new summary judgment motion. However, we do not believe that the issue of governmental immunity has been clearly addressed in the trial court up to this point in time.
The first assignment of error is sustained.
The second assignment of error is overruled. At this late date, a private citizen cannot be substituted for a governmental entity as a named defendant. The trial court was correct to refuse amendment of the complaint.
In sum, the first assignment of error is sustained. The second assignment of error is overruled. The judgment of the trial court is reversed and the case is remanded for trial or settlement.
 _________ TYACK, J.
DESHLER and LAZARUS, JJ., concur.